UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GREESON,<br><br>    Plaintiff,<br><br>    v.<br><br>MITCHELL, et al.,<br><br>    Defendants. | No.  2:15-cv-1040 KJN P<br><br><br>ORDER REVISING SCHEDULING ORDER |

Plaintiff is a pretrial detainee, presently housed in the El Dorado County Jail, proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that based on the actions and failures to act by defendants Mitchell, Doe-1, and Clingman, plaintiff was released into a common corridor with general population inmates who violently assaulted him.  Plaintiff seeks an extension of the discovery deadline, as well as a temporary stay of these proceedings until August of 2016.  Defendants oppose the request for extension.  Plaintiff filed a reply.  As set forth below, the court partially grants plaintiff's request, but denies his request for stay.

I. <u>Request to Modify Scheduling Order</u>

"The district court is given broad discretion in supervising the pretrial phase of litigation." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified

1

1  'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"
2  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting
3  Johnson, 975 F.2d at 607).

4     Here, plaintiff previously attempted to seek an extension of the discovery deadline.  It
5  appears that plaintiff had someone outside the jail, referred to as his "legal ancillary service
6  provider," to assist him with this case.  Plaintiff claims that the first request for extension of time
7  was sent to plaintiff for his signature and that, although he returned it to his "legal ancillary" for
8  filing with the court, it was not received and is now lost, and his "legal ancillary" is now
9  incarcerated so plaintiff cannot obtain a copy.  However, the record reflects that defendants
10 received plaintiff's request, because they filed an opposition on November 23, 2015.  Moreover,
11 once plaintiff became aware that the court had not received the motion, he filed the instant
12 motion.

13     Plaintiff claims good cause exists to extend the discovery deadline because he is
14 uneducated and proceeding without counsel.  Plaintiff complains that by the time he received the
15 scheduling order, he only had 40 days in which to serve discovery requests.  Because plaintiff had
16 someone arranging for an attorney to represent him, and the attorney would want to compose
17 discovery, plaintiff did not want to conduct discovery and risk exceeding the 25 interrogatory
18 limit.  However, once efforts to obtain representation by an attorney failed, on or about November
19 12, 2015, plaintiff's "legal ancillary" was to prepare discovery requests and seek an extension of
20 time to conduct discovery.  Plaintiff argues that he needs additional time to conduct discovery due
21 to "several discovery issues," and he still needs to discover the name of the defendant sued as
22 "Doe-1," as well as documents from the investigation performed by the El Dorado County Jail in
23 response to his administrative appeal.  Plaintiff claims that the jail no longer provides copies to
24 inmates so he is unable to submit a copy of his administrative appeal to the court.

25     Defendants counter that plaintiff fails to demonstrate he was diligent in seeking discovery
26 during the relevant period.  Rather, defendants note that they did not receive any discovery
27 requests from plaintiff until December 21, 2015, nearly a month after the court's deadline.
28 Defendants did not address plaintiff's claims concerning the change in jail policy.

On October 6, 2015, the undersigned issued the discovery and scheduling order setting the discovery cut-off date for January 22, 2016. This order stated that all discovery requests were to be served not later than sixty days prior to this date. This order set the deadline for filing pretrial motions for April 15, 2016.

It appears that plaintiff was under the misapprehension that he could wait to conduct discovery until either counsel was representing him, or until his "legal ancillary" prepared the discovery requests for him. Plaintiff is mistaken. As a pro se litigant, it is incumbent upon him to diligently prosecute his own action. Plaintiff concedes that he did not pursue discovery while he waited to see if his friend could get counsel to represent plaintiff, despite knowing that he still needed to discover the identity of Doe-1, and to obtain copies of the investigation into the underlying incident. However, plaintiff did timely seek extension of the discovery deadline.

Although the delay appears to have been of plaintiff's own making, the court finds the discovery deadline should be extended. The discovery deadline is extended to April 1, 2015, subject to the same requirements set forth in the October 6, 2015 discovery and scheduling order. The pretrial motions deadline is extended to July 1, 2015. In order to avoid further delay, defendants are directed to respond to plaintiff's discovery requests received on December 21, 2015. Responses are due 45 days from the date of this order.

Plaintiff is cautioned that he is required to conduct the discovery necessary to prosecute this action, and should do so forthwith. Even if plaintiff obtains assistance from other inmates, he is required to comply with all court deadlines. No further extensions of time will be granted.

II. Request for Stay

Plaintiff seeks to stay this action because he claims that the El Dorado County Jail implemented a new policy not to make copies of anything for inmates, not to allow inmates to use printers, and not to allow ink pens to inmates. Plaintiff anticipates he will be released from jail at the end of July 2016, and contends he can properly litigate this case once he is released from custody. In the alternative, plaintiff seeks an order directing defendants and staff at the El Dorado County Jail to provide copies to plaintiff while he is in custody.

Defendants did not address plaintiff's request for stay of these proceedings.

The court does not find good cause to stay these proceedings. Incarceration, standing alone, does not justify a stay of this action. Rather, plaintiff must diligently prosecute this action to the best of his ability. If the jail will not provide him a copy of a document to be filed, plaintiff may handwrite the copy. No exhibits are required to be filed at this time. Plaintiff's request to stay this action is denied without prejudice.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the discovery and scheduling order (ECF No. 22) is partially granted.

2. Defendants shall respond to plaintiff's discovery requests, received by defendants on December 21, 2015, within 45 days from the date of this order.

3. The discovery deadline is extended to April 1, 2015, and the pretrial motions deadline is extended to July 1, 2015. In all other respects the October 6, 2015 discovery and scheduling order remains in effect.

4. Plaintiff's request for temporary stay of this action (ECF No. 22) is denied without prejudice.

Dated: January 27, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gree1040.16b