1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHARLES GREESON,                          No.  2:15-cv-1040 KJN P

12                       Plaintiff,

13           v.                                  ORDER

14    MITCHELL, et al.,

15                       Defendants.

16

17           Plaintiff is a former county jail inmate, proceeding without counsel.  Numerous motions

18    are pending, which the court addresses as set forth below.

19           1.  Motion for Legal Copies

20           On February 10, 2016, plaintiff filed motion for a court order requiring El Dorado County

21    Jail authorities to provide him with legal copies.  However, on April 22, 2016, plaintiff filed a

22    notice of change of address to a residential address in Carmichael, California.  (ECF No. 40.)

23    Moreover, plaintiff is no longer listed as an inmate at the Placerville County Jail.[1]  Thus,

24    plaintiff's motion for legal copies is moot and is denied.

25    ////

26    ////

27

28    _____
      [1]  This information is available through www.jailexchange.com.

1

2. Discovery Motions

On March 23, 2016, plaintiff filed a motion to compel discovery.  (ECF No. 32.)  Plaintiff argues that defendants may or may not have produced the mentioned documents  but he had no way of verifying or viewing the documents because the thumb drive device on which the documents were provided was confiscated by a jail official and placed in plaintiff's property.  (Id.)  On March 30, 2016, plaintiff filed a second motion to compel discovery.  Plaintiff again argues that he cannot respond to the documents provided because he does not have access to the thumb drive device.  Defendants oppose plaintiff's motions to compel based on plaintiff's release from jail, obviating his inability to review the documents contained on the thumb drive.  Plaintiff did not file a reply.

Plaintiff's motions to compel are inappropriate to resolve plaintiff's apparent inability to review defendants' responses.  Because defendants provided responses, plaintiff may not move to compel further responses prior to reviewing the responses and seeking to compel further responses only in those instances where the response provided was inadequate.  Thus, plaintiff's motions to compel are denied without prejudice.  However, because plaintiff was unable to review the responses, plaintiff is granted an extension of time to renew his motion to compel, as set forth below.

3. Request to Extend Discovery Deadline

On March 11, 2016, plaintiff filed a motion for extension of time to file and serve motions to compel discovery.  Although this is plaintiff's second request to extend the scheduling order, plaintiff seeks authorization to file only motions to compel discovery because he will have insufficient time to review defendants' discovery responses and prepare the appropriate motion to compel.  Defendants object to plaintiff's request for extension, noting that plaintiff waited to conduct discovery until after the initial discovery cutoff, and he was already provided more time to conduct discovery when the scheduling order was revised.  (ECF No. 27.)  Defendants contend that further extensions of time are not warranted and will delay resolution of the case, including the filing of dispositive motions.  Defendants responded to plaintiff's discovery requests on March 15, 16, and 17, 2016.  (ECF No. 33-1 at 1-2.)

1   "The district court is given broad discretion in supervising the pretrial phase of litigation."

2   Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal

3   quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good

4   cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified

5   'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

6   Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting

7   Johnson, 975 F.2d at 607).

8      Here, pursuant to the revised scheduling order, the discovery deadline is April 1, 2016,

9   and the pretrial motions deadline is July 1, 2016.  (ECF No. 27.)

10      Defendants state that at the time the thumb drive was produced, plaintiff had access to a

11   computer to view the documents.  However, due to unrelated security concerns the computer was

12   removed from the jail.  Plaintiff states that a few days before plaintiff received the electronic

13   device from defendants, a computer was available in the jail law library, but the computer was

14   removed.  (ECF No. 34 at 5.)  Neither party provided the exact date the computer was removed

15   from the jail, but it appears that at most plaintiff may have had a few days in which to access the

16   thumb drive on the jail computer.  It is undisputed that plaintiff was unable to obtain copies of

17   documents on the thumb drive due to the jail's policy of not providing photocopies to prisoners.

18   (ECF No. 29-1 at 1 ("The El Dorado County Jail does not make copies for any inmate for any

19   reason.").)  Given plaintiff's pro se status, a few days to review the numerous discovery responses

20   appears insufficient.  The record makes clear that plaintiff was attempting every effort to obtain

21   the discovery responses, including seeking assistance from Mr. Holston, plaintiff's "legal

22   ancillary," also the focus of defendants' motion for protective order discussed below.

23      In an abundance of caution, plaintiff's request for extension until May 15, 2016, in which

24   to file a motion to compel discovery responses is granted.  However, no party is permitted to

25   propound new discovery requests.  Moreover, plaintiff is cautioned that although the court does

26   not hold litigants proceeding pro se to the same standard that it holds attorneys, at a minimum,

27   plaintiff, as the moving party, has the burden of informing the court (1) which discovery requests

28   are the subject of his motion to compel, (2) which of the defendants' responses are disputed, (3)

1    why he believes that defendants' responses are deficient, (4) why defendants' objections are not

2    justified, and (5) why the information he seeks is relevant to the prosecution of this action.  This

3    court will not examine each of plaintiff's discovery requests and each of defendants' responses

4    thereto in order to determine whether any of defendants' substantive responses are somehow

5    deficient.  See, e.g., Gamez v. Gonzalez, 2015 WL 236684 at *10 (E.D. Cal. Jan. 16, 2015)

6    (Plaintiff may not simply assert . . . that he is dissatisfied for general reasons with Defendants'

7    objections, and that he wants an order compelling production of documents.); Calloway v. Kelley,

8    2014 WL 7140576 at *2 ("Plaintiff bears the burden of identifying which responses are in dispute

9    and providing sufficient information so that the Court can discern why he is challenging the

10   response.  It is insufficient for Plaintiff to merely attach all discovery requests and responses

11   thereto and claim he is not satisfied and request a further response.").

12        Therefore, the discovery deadline is extended to June 21, 2016, to address plaintiff's

13   motion to compel.  Plaintiff's motion to compel shall be filed on or before May 15, 2016, and

14   shall be briefed pursuant to Local Rule 230(l) without oral argument.  No additional discovery

15   requests may be propounded by any party.  No further extensions of the discovery deadline will

16   be granted.

17        In light of this extension of time, the pretrial motions deadline is extended to September

18   13, 2016.  In all other respects, the October 6, 2015 discovery and scheduling order remains in

19   effect.

20        4.  Request for Protective Order

21        On April 1, 2016, defendants filed a motion for protective order.  Defendants contend that

22   plaintiff is using the services of a "legal ancillary," who is not an attorney, and who "will have

23   access to documents that are meant to be kept solely within this litigation."  (ECF No. 35 at 2.)

24   Defendants argue that a protective order is appropriate "because discovery has concerned the

25   operations, policies, and procedures of the El Dorado County Jail."  (Id.)  Defendants ask the

26   court to order that discovery previously produced as Bates Nos. DEF000001 - DEF000256 and

27   any subsequent discovery be deemed as confidential information, and that dissemination not be

28   made to any person other than plaintiff or his attorney of record.  Further, defendants request that

4

1   any violation of the protective order be punishable by contempt of court or other order, and that

2   all copies or originals of all discovery produced in this case be returned to defense counsel at the

3   conclusion of this case.

4         Plaintiff opposes the protective order, arguing that if part of the discovery produced on the

5   thumb drive contains subject matter concerning the operations, policies, and procedures at the

6   jail, the court should limit any protective order to those matters.  Plaintiff contends that the

7   requested protective order hinders his ability to obtain assistance with his litigation, and that he is

8   entitled to have other inmates assist him if they are willing to do so.  Plaintiff claims that Mr.

9   Holston is also a C-Pod protective custody inmate whose safety was put in jeopardy by the same

10  jail staff.  Plaintiff notes that defendants fail to identify any specific jeopardy they would face if

11  Mr. Holston has access to the discovery material.  Plaintiff claims that Mr. Holston is professional

12  and has been assisting plaintiff and drafting plaintiff's filings since the original complaint.  (ECF

13  No. 37 at 3.)  Plaintiff also states that Mr. Holston will be filing his own civil rights action about

14  conditions at the El Dorado County Jail.

15        On April 21, 2016, defendants filed a reply.  Defendants state that since their request was

16  filed, plaintiff was released from the jail.  Defendants sought the prior limited request for a

17  protective order based on plaintiff's request for hard copies of all documents produced and the

18  high likelihood the documents would be disseminated to other inmates.  (ECF No. 38 at 1.)

19  Defendants contend that all of the documents concern the policies, procedures and operations of

20  the facility in which plaintiff was incarcerated.  Defendants note that Mr. Holston is still

21  incarcerated,[2] and thus it is unclear what, if any, involvement Mr. Holston will still have.  But

22  defendants continue to ask the court to issue a simple protective order prohibiting plaintiff from

23  disseminating discovery to non-parties.

24        The scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure is broad.

25  Under Rule 26(c)(1), however, the court may, for good cause, nonetheless issue an order to

26

27  [2]  As of April 26, 2016, at 2:40 p.m., Theron Holston was listed as an inmate at the El Dorado
    County Jail.

28  <http://www.jailexchange.com/countyjails/California/el_dorado/Placerville_jail_inmate>.

1   protect a party from "annoyance, embarrassment, oppression, or undue burden or expense,

2   including . . . specifying terms . . . for the disclosure or discovery . . ." Fed. R. Civ. P.

3   26(c)(1)(B).  When a party seeks an order protecting from public disclosure information that has

4   been produced in discovery but not filed in court, the Rule 26(c) good cause standard applies.

5   Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (citing Kamakana v. City and

6   County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006)), cert. denied, 131 S. Ct. 900 (2011);

7   Phillips ex rel. Estates of Byrd v. Gen'l Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002).  It is

8   well established that absent a court order to the contrary, the fruits of pretrial discovery are

9   presumptively public.  San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096,

10  1103 (9th Cir. 1999).

11      To establish good cause, the party seeking a protective order in this context bears the

12  burden of showing that specific prejudice or harm will result if no protective order is granted.

13  Phillips, 307 F.3d at 1210-11.  Broad and general allegations of harm do not satisfy the Rule

14  26(c) test.  Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

15  For this reason, blanket protective orders are disfavored.  See San Jose Mercury News, 187 F.3d

16  at 1103.

17      Here, defendants fail to specifically identify each discovery response provided and explain

18  why defendants will be harmed if no protective order is granted.  In addition, defendants seek a

19  protective order that covers any future discovery provided.  Defendants assert only that the

20  discovery concerns the operations, policies, and procedures of the El Dorado County Jail.  At

21  present, the discovery appears to encompass some 256 documents.

22      The court finds defendants' arguments are insufficiently specific to warrant a blanket

23  protective order over all discovery produced in this action.  In addition, defendants point to no

24  specific harm that would result from dissemination to Mr. Holston or the public.  Such basic

25  showing is required before a protective order will issue.  Phillips, 307 F.3d at 1210-11 ("For good

26  cause to exist, the party seeking protection bears the burden of showing specific prejudice or

27  harm will result if no protective order is granted").

28  ////

1        Thus, defendants' motion for blanket protective order is denied without prejudice.  If

2    defendants can identify particular documents that are confidential and pose a risk of harm to the

3    jail, the motion can be renewed.  In the alternative, the parties are encouraged to meet and confer

4    in an effort to stipulate to an appropriate protective order, now that plaintiff is out of custody.

5    Within fourteen days, plaintiff is directed to notify counsel whether, in light of his release from

6    jail, plaintiff intends to continue working with Mr. Holston.

7        With regard to Mr. Holston's assistance to plaintiff, plaintiff is correct that he is entitled to

8    use other inmates or "jailhouse lawyers" to assist him in litigation.  That said, Mr. Holston is not

9    permitted to dictate to defense counsel how plaintiff's case is handled, or demand that counsel

10   provide Mr. Holston with copies of discovery or legal work.  Moreover, Mr. Holston is certainly

11   not entitled to interfere with settlement negotiations between defendants and plaintiff, or dictate

12   whether or not such negotiations may occur.  (ECF No. 35-1 at 30-31.)  "[A] non-lawyer 'has no

13   authority to appear as an attorney for others than himself.'"  Johns v. County of San Diego, 114

14   F.3d 874, 877 (9th Cir. 1997) (citation omitted).  Mr. Holston is not plaintiff's attorney and he

15   may not officially represent plaintiff in any capacity, including with defense counsel or with the

16   court.  Thus, while Mr. Holston is free to assist plaintiff with his litigation, Mr. Holston cannot

17   litigate for plaintiff.

18       As of April 26, 2016, Mr. Holston was back in jail, and plaintiff was recently released to

19   an address in Carmichael.  Thus, it is unclear whether plaintiff intends to continue working with

20   Mr. Holston.  In any event, however, if plaintiff intends to continue working with Mr. Holston,

21   plaintiff shall ensure that Mr. Holston writes no further letters to defense counsel on plaintiff's

22   behalf because Mr. Holston is not a lawyer.  Plaintiff must personally prosecute his own action

23   unless he retains an attorney.  Plaintiff is cautioned that if Mr. Holston contacts defense counsel

24   on behalf of plaintiff in the future, the court may impose sanctions on plaintiff.

25       5.  Motion for Appointment of Counsel

26       In his opposition to the motion for protective order, plaintiff requests that the court

27   appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners

28   in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

1   exceptional circumstances, the court may request an attorney to voluntarily represent such a

2   plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

3   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether

4   "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the

5   merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity

6   of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court

7   did not abuse discretion in declining to appoint counsel).  The burden of demonstrating

8   exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such

9   as lack of legal education and limited law library access, do not establish exceptional

10  circumstances that warrant a request for voluntary assistance of counsel.

11      Having considered the factors under Palmer, the court finds that plaintiff has failed to

12  meet his burden of demonstrating exceptional circumstances warranting the appointment of

13  counsel at this time.

14      6.  Motion to Amend

15      In the alternative to appointment of counsel, plaintiff asks the court to consider granting

16  him leave to amend the complaint to add Mr. Holston as a co-plaintiff.  (ECF No. 37 at 4.)

17  Defendants oppose his request.

18      Plaintiff's motion was not accompanied by a proposed amended complaint.  As a prisoner,

19  plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis

20  statute.  See 28 U.S.C. § 1915A.  Because plaintiff did not submit a proposed amended complaint,

21  the court is unable to evaluate it.  In addition, prisoners are required to exhaust their

22  administrative remedies before filing a complaint in federal court.  As amended by the Prison

23  Litigation Reform Act ("PLRA"), Title 42, United States Code, § 1997e(a), provides that "[n]o

24  action shall be brought with respect to prison conditions under § 1983 of this title, or any other

25  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

26  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Plaintiff concedes

27  that Mr. Holston is still in the process of exhausting his administrative remedies.  Section

28  1997e(a) "requires exhaustion before the filing of a complaint and . . . a prisoner does not comply

1  with this requirement by exhausting available remedies during the course of the litigation."

2  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  Because Mr. Holston did not exhaust

3  his claim prior to the filing of the instant action, his claim cannot be added to plaintiff's

4  complaint.  Therefore, plaintiff's request for leave to amend is denied.

5          Accordingly, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's motion for legal copies (ECF No. 28) is denied;

7          2.  Plaintiff's motions to compel discovery (ECF Nos. 32, 34) are denied without

8  prejudice;

9          3.  Defendants' motion for protective order (ECF No. 35) is denied without prejudice;

10 within fourteen days from the date of this order, plaintiff shall notify counsel whether, in light of

11 his release from jail, plaintiff intends to continue working with Mr. Holston;

12         4.  Plaintiff's motion to modify the scheduling order (ECF No. 31) is granted;

13         5.  Plaintiff is granted an extension of time in which to file a motion to compel discovery;

14 any such motion shall be filed on or before May 15, 2016; no new discovery requests may be

15 propounded by any party;

16         6.  The scheduling order is revised as follows:  the discovery deadline is continued to June

17 21, 2016, and all pretrial motions shall be filed on or before September 21, 2016;

18         7.  Plaintiff's motion for appointment of counsel (ECF No. 37 at 4) is denied without

19 prejudice; and

20         8.  Plaintiff's motion to amend (ECF No. 37 at 4) is denied without prejudice.

21 Dated:  April 28, 2016

22

23                                         _____
                                           KENDALL J. NEWMAN
24                                         UNITED STATES MAGISTRATE JUDGE

   /cw/gree1040.dsc
25

26

27

28

                                           9