UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GREESON, | No. 2:15-cv-1040 KJN P |
| Plaintiff, | |
| v. | ORDER |
| MITCHELL, et al., | |
| Defendants. | |

    Plaintiff is a former jail inmate, proceeding without counsel. On May 12, 2016, plaintiff filed a motion for protective order, claiming that Theron Holston is plaintiff's "attorney-in-fact/legal assistant." (ECF No. 44 at 1.) Plaintiff claims that he has a First Amendment right to associate with his "legal assistant" Mr. Holston. Plaintiff notes that defendants recently moved for a protective order to prevent plaintiff from sharing discovery documents with Mr. Holston. Plaintiff points to an e-mail exchange between plaintiff and defense counsel, contending it demonstrates defense counsel agreed to this arrangement with Mr. Holston, and further claims that Mr. Holston has "power of attorney to meet and confer with [defense counsel]." (ECF No. 44 at 4.)

    Review of plaintiff's motion makes clear that the motion was written prior to plaintiff's receipt of the court's April 29, 2016 order addressing defendants' motion for protective order and

other motions.[1]  (ECF No. 41.)  Because the April 29 order denied defendants' motion for protective order and informed plaintiff that Mr. Holston is free to assist plaintiff with his litigation, the court denies plaintiff's motion without prejudice.

However, as plaintiff was warned in the April 29, 2016 order, Mr. Holston may not serve as plaintiff's attorney at law.  (ECF No. 41 at 7.)  A power of attorney does not grant Mr. Holston authority to serve as plaintiff's attorney at law.  See Drake v. Superior Court, 21 Cal. App. 4th 1826, 26 Cal. Rptr.2d 829 (Cal. Ct. App. 1994).  In Drake, the court found that even though the power of attorney authorized Drake to act as agent for his principal in litigation, the unlicensed practice of law is categorically prohibited in California, and the Power of Attorney Act did not provide an exception to this rule.  Id.  Long before passage of the Power of Attorney Act, the law distinguished between an attorney in fact and an attorney at law, and emphasized that a power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law.  Drake, 26 Cal.Rptr.2d at 831.  If the rule were otherwise, the State Bar Act could be relegated to contempt by any layman who secured from his principal an ordinary power of attorney, for the purpose of representing him in pending litigation.  Id. (internal citations and quotations omitted).  Drake at 831.  Therefore, the court concluded, Drake could not "use the statutory form power of attorney as a device to practice law for his principal."  Id. at 832-33.

Because Mr. Holston is not an attorney licensed to practice law in California, he cannot file actions, sign pleadings for, or act on behalf of plaintiff, even with a power of attorney.  Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (citations and internal quotation marks omitted); Ryan v. Hyden, 2012 WL 4793116, *4 (S.D. Cal. Oct. 9, 2012) (nonlawyer son with power of attorney for parents could not draft pleadings and pursue claims on their behalf as it constituted the unauthorized practice of law under California law; complaint dismissed); Lomax v. City of Antioch Police Officers, 2011 WL 4345057, *3-4 (N.D. Cal. Sept. 14, 2011) (uninjured father acting as attorney-in-fact for injured

---

[1] The instant motion was signed by Mr. Holston on May 2, 2016, and by plaintiff on May 10, 2016.  (ECF No. 44 at 7.)

son lacked standing to bring complaint on behalf of son and other family members for their injuries; power of attorney did not permit father to engage in the unauthorized practice of law; motion to dismiss complaint granted).  Thus, plaintiff is mistaken that Mr. Holston may "meet and confer" with opposing counsel on plaintiff's behalf, and plaintiff shall refrain from having Mr. Holston sign plaintiff's filings in the future.  Although Mr. Holston is free to assist plaintiff with his litigation, Mr. Holston is not permitted to serve as plaintiff's attorney at law.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants are relieved of their obligation to respond to plaintiff's motion for protective order; and

2. Plaintiff's motion for protective order (ECF No. 44) is denied without prejudice.

Dated:  May 20, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/gree1040.poa